IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CLARK COLL, CHAPTER 7 TRUSTEE,**
    Plaintiff,

vs.

No. 12 CV 139 JAP/WPL

**BNSF RAILWAY COMPANY,**
    Defendant.

**MEMORANDUM OPINION AND ORDER**

In DEFENDANT'S MOTION TO EXCLUDE THE "EXPERT" TESTIMONY OF RUSSEL [SIC] KENDZIOR (Doc. No. 57) (Motion to Exclude), Defendant BNSF Railway Company (BNSF) asks the Court to exclude the testimony of Plaintiff's expert, Mr. Russell Kendzior, as irrelevant and not helpful to the fact-finder. According to Plaintiff's response, Mr. Kendzior intends to testify that the staircase on which the original plaintiff Mr. Chad Griswold fell was (1) not properly maintained, (2) not constructed in compliance with industry standards, including those set forth by the Occupational Health and Safety Administration (OSHA), the American Society of Testing and Materials (ASTM), the American National Standards Institutes (ANSI), and industry building code and safety standards, and (3) generally defective because there was no handrail or slip resistant tread/nosing. *See* PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION TO EXCLUDE THE EXPERT TESTIMONY OF RUSSEL (SIC) KENDZIOR (Doc. No. 63) (Response) 1-2. Because Mr. Kendzior's proposed testimony is relevant to the issues of staircase safety and negligent design, the Court will permit Mr. Kendzior to testify.

    **I.**    **Background**

On January 16, 2014, the day BNSF filed its Motion to Exclude, BNSF also filed BNSF RAILWAY COMPANY'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 58) (Motion

1

for Summary Judgment). In both the Motion to Exclude and the Motion for Summary Judgment, BNSF argues that Federal Railroad Administration (FRA) regulations preclude Plaintiff's personal injury claims. According to BNSF, the FRA regulations circumscribe a railroad carrier's duty of care. In the MEMORANDUM OPINION AND ORDER entered contemporaneously herewith, the Court rejects BNSF's preclusion argument and explains that BNSF may be held liable for the negligent design of the staircase in question under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60. The Court incorporates the reasoning set forth in the contemporaneously filed MEMORANDUM OPINION AND ORDER and finds that Mr. Kendzior's testimony is not precluded by federal law. The only remaining issue raised by BNSF's Motion to Exclude is whether Mr. Kendzior, a slip-and-fall expert, is qualified to testify regarding locomotive design. BNSF contends that Mr. Kendzior's proposed testimony is not relevant or helpful because he is not familiar with locomotive design and has no experience working with railroads.

## II.     Discussion of Relevancy

Under Fed. R. Evid. 702, "[e]xpert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 591 (1993) (internal citation omitted). Evidence is relevant if it tends to make a fact, which is consequential to the outcome of the case, "more or less probable than it would be without the evidence." FED. R. EVID. 401. Plaintiff's expert, Mr. Kendzior, proposes to testify about the design of the staircase on which Mr. Griswold fell. Mr. Kendzior, a slip-and-fall expert, has extensive experience in the area of floor safety: Mr. Kendzior is the founder and chairman of the National Floor Safety Institute; he has developed a complete line of slip-and-fall products; his CV indicates that he been trained by OSHA. Russell J. Kendzior CV, Exhibit B to Motion to

Exclude. Mr. Kendzior is more than qualified to testify about slipping hazards. In fact, BNSF does not challenge Mr. Kendzior's credentials or contend that Mr. Kendzior is generally unqualified to opine about floor safety. BNSF merely contends that Mr. Kendzior's experience is inapplicable to the proper design of steps located in the interior of a locomotive, the issue in this case. Plaintiff's response can be neatly summarized: "Floors are floors and steps are steps." Response at 7.

While the Court is not completely persuaded that locomotive step construction does not differ from other types of step construction, Mr. Kendzior's testimony is admissible as long as it has "any tendency" to support Plaintiff's claims. FED. R. EVID. 401. It clearly does. The standards for constructing a staircase in a building and the standards for constructing a staircase on a locomotive necessarily overlap. For example, if it is common practice within the construction industry to furnish each step with slip resistant tread, it more probable that BNSF's decision to omit slip resistant tread was negligent. Mr. Kendzior's inexperience with train design affects the weight of his testimony, but does not render it inadmissible. "Where an expert witness offers testimony based upon incomplete information, his testimony is nevertheless admissible if the 'inadequacies are known to the defendant in order to thoroughly cross-examine the witness.'" *See Smith v. BNSF Ry. Co.*, No. civ-08-1203, 2011 U.S. Dist. LEXIS 102584, at *13-14 (W.D. Okla. Sept. 12, 2011) (citing *Hertz Corporation v. Gaddis-Walker Electric., Inc.*, No. 96-6022, 1997 U.S. App. LEXIS 27138, at *12 (10th Cir. Oct. 2, 1997) (unpublished opinion)).

"Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U. S. at 596. There is no impediment to BNSF exposing the weaknesses in Mr. Kendzior's opinions through cross-examination. Likewise, BNSF may rebut

Mr. Kendzior's conclusions by presenting its own evidence regarding locomotive design.

Mr. Kendzior also proposes to use OSHA to bolster his opinion that BNSF improperly designed the staircase at issue. This is permissible. *See Robertson v. Burlington N. R.R.*, 32 F.3d 408, 410 (9th Cir. 1994) ("OSHA standards may be admitted in an FELA case as some evidence of the applicable standard of care."); *Ries v. AMTRAK*, 960 F.2d 1156, 1162 (3d Cir. 1992) (explaining that evidence that the defendant violated OSHA could be considered by a jury in determining whether defendant acted negligently under FELA); *Albrecht v. Baltimore & O. R. Co.*, 808 F.2d 329, 332 (4th Cir. 1987) (where an employee fell off a ladder and sued his employer under FELA, the Court properly instructed the jury that evidence of an OSHA violation was "one more piece of evidence on the issue of negligence"); *Miller v. Chicago & North W. Transp. Co.*, 925 F. Supp. 583, 588 (N.D. Ill. 1996) (allowing a plaintiff's expert to "consider the OSHA regulations as relevant to what reasonable safety precautions are called for" by FELA). Plaintiff acknowledges that BNSF is not bound by OSHA; presumably, Mr. Kendzior will testify accordingly. To avoid any confusion, the Court will instruct the jury that BNSF is not legally required to comply with OSHA and that the jury is only permitted to consider the OSHA standards, if it so chooses, as evidence of the relevant standard of care.

### III.   The Scope of Mr. Kendzior's Expert Report

According to the Response, Mr. Kendzior will testify about his personal observations of the steps in Locomotive 5371. Mr. Kendzior viewed the steps on October 12, 2013. Traction Experts, Inc. Summary Report, Exhibit D to Response (Doc. No. 63-4). Mr. Kendzior intends to testify that the steps were not properly maintained. In the reply, Defendant asks the Court to exclude this testimony because Mr. Kendzior's report does not offer an opinion about the maintenance of the steps. While Mr. Kendzior's report does not include a description of the

steps, it clearly indicates that Mr. Kendzior plans on opining that the steps were negligently maintained. The report states that Mr. Kendzior inspected the staircase and reviewed Mr. Griswold's deposition. *Id.* at 2. The introductory paragraph in the section on Industry Standards states: "it is clear that the stairway in question was improperly designed, **maintained**, and constructed. . ." *Id.* at 3 (emphasis added). The Opinions section reiterates Mr. Kendzior's opinion that the staircase was improperly "maintained." *Id.* at 4. BNSF was on notice that Mr. Kendzior intended to testify about proper maintenance and specifically planned on concluding that the steps in Locomotive were improperly maintained. The Court will not exclude this testimony as outside the scope of the expert report. In its Motion, BNSF does not otherwise challenge the relevancy or reliability of Mr. Kendzior's opinions about step maintenance.

      IT IS THEREFORE ORDERED that DEFENDANT'S MOTION TO EXCLUDE THE "EXPERT" TESTIMONY OF RUSSEL [SIC] KENDZIOR (Doc. No. 57) is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE