IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CLARKE COLL, CHAPTER 7 TRUSTEE,**
        Plaintiff,

vs.

                                        No. 12 CV 139 JAP/WPL

**BNSF RAILWAY COMPANY,**
        Defendant.

**MEMORANDUM OPINION AND ORDER**

In BNSF RAILWAY COMPANY'S MOTION TO RECONSIDER (Doc. No. 77)

(Motion to Reconsider), Defendant BNSF Railway Company (BNSF) asks the Court to reverse

its denial of BNSF's motion for summary judgment on Plaintiff's Federal Employers' Liability

Act (FELA), 45 U.S.C. §§ 51-60, negligent design claims.[1] Plaintiff opposes BNSF's Motion to

Reconsider. *See* PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION TO

RECONSIDER (Doc. No. 80). After examining the briefing, considering BNSF's oral arguments

at the March 6, 2014 pretrial conference,[2] and carefully reviewing the relevant legal standard, the

Court has decided to deny BNSF's motion to reconsider.

**BACKGROUND**

I.      **Plaintiff's Negligent Design Claims**

        The Court will briefly summarize the facts underlying Plaintiff's negligent design claims.

A more extensive factual history, with supporting citations, is contained in the Court's previous

MEMORANDUM OPINION AND ORDER (Doc. No. 73). On March 18, 2009, Mr. Chad

Griswold, a BNSF employee, injured his right elbow and right extremity when he slipped down

the steps inside BNSF Locomotive 5371. According to Plaintiff's slip-and-fall expert, Mr.

---

[1] BNSF does not challenge the Court's decision to allow Plaintiff to present to the jury his claim that
BNSF failed to properly maintain its locomotive or his claim that BNSF failed to comply with 49 C.F.R.
§ 229.119(c) by neglecting to appropriately "treat" the steps inside its locomotive.
[2] At the March 6, 2014 pretrial conference, BNSF was represented by Michael Kaemper and Tyler Cuff.

Griswold fell, at least in part, because the nosing on the steps was unmarked, there was no handrail, the tread on the steps was not deep enough, the steps were too tall, and there were no warning signs. For the purposes of this MEMORANDUM OPINION AND ORDER, the Court will adopt BNSF's terminology and will refer to these installation, warning, and design claims collectively as Plaintiff's design claims. Plaintiff asserts his design claims under the FELA, a statute which permits a railroad carrier's employees to recover for injuries caused by the railroad carrier's negligence.

## II.      BNSF's Motion for Summary Judgment

On January 16, 2014, BNSF moved for summary judgment on the basis that the Locomotive Inspection Act (LIA), 49 U.S.C. §§ 20701-20703, precluded Plaintiff's FELA claims. *See* BNSF RAILWAY COMPANY'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 58). Even though the FELA is a federal statute, BNSF took the position that Plaintiff's FELA claims were "precluded because the LIA commits the design, construction, maintenance and inspection of locomotive equipment to *exclusive federal control*." *Id.* at 4. BNSF asserted that, as a universally accepted principle, it could not be held liable under the FELA for failing to provide safety measures that were not mandated by a specific federal regulation. To support its position, BNSF cited *Kurns v. R.R. Friction Prods. Corp.*, 132 S. Ct. 1261 (2012), a recent Supreme Court case, which held that "**state** common-law duties and standards of care directed to the subject of locomotive equipment are pre-empted by the LIA." *Id.* at 1270 (emphasis added).

In his response to BNSF's motion for summary judgment, Plaintiff explained that "[t]his case . . . does not involve issues of state law and thus the . . . "preemption" argument is inapplicable." PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 64) at 7. Plaintiff correctly identified the issue as the

interaction between the LIA, the FELA, and the Federal Railroad Safety Act of 1970 (FRSA), 49 U.S.C. § 20106. Nonetheless, BNSF adhered to its original position, declaring that the LIA completely precluded Plaintiff's claims "regardless of whether the federal agency [responsible for regulating the railroads] has actually exercised [its] conferred powers" and issued an applicable regulation. DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (Doc. No. 69) at 3-4.

In its MEMORANDUM OPINION AND ORDER (Doc. No. 73), the Court rejected BNSF's complete LIA preemption argument; the Court held that the LIA does not supersede the FELA. However, the Court recognized that BNSF had also cited case law involving the interaction between the FELA and the FRSA. According to these cases, a regulation issued by the Secretary of Transportation will preclude a claim under the FELA if the regulation "covers" the subject matter of the plaintiff's claims. *See, e.g.*, *Nickels v. Grand Trunk W. R.R.*, 560 F.3d 426 (6th Cir. 2009); *Lane v. R. A. Sims, Jr., Inc.*, 241 F.3d 439, 443 (5th Cir. 2001); *Waymire v. Norfolk & W. Ry.*, 218 F.3d 773, 776 (7th Cir. 2000). A regulation "covers" a claim if it substantially subsumes the subject matter of the claim. *CSX Transp. v. Easterwood*, 507 U.S. 658, 664 (1993); *Cowden v. BNSF Ry. Co.*, 690 F.3d 884, 893 (8th Cir. 2012). After considering the regulations cited by the parties and searching for, but failing to discover any other applicable regulations, the Court ruled that no Federal Railroad Administration (FRA) regulation covered Plaintiff's design claims.

BNSF now acknowledges that the Court identified the correct preclusion standard: "an applicable FRA regulation must cover a claim in order for preclusion to apply." Motion to Reconsider at 3. However, according to BNSF, the regulations previously considered by the Court – 49 C.F.R. § 229.119 and 49 C.F.R. § 229.45 – cover Plaintiff's design claims. In other

3

words, BNSF contends that the Court misapplied the legal standard to the facts.

## DISCUSSION

### I.     Standard of Review

The rules of civil procedure allow a party to object to an order or decision through either a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment under Fed. R. Civ. P. 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991). If a party files a motion for reconsideration of a decision within twenty-eight days of the decision, the Court will treat it as a motion to alter or amend a judgment under Rule 59. *Barber ex rel. Barber v. Colorado Dept. of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009). BNSF's Motion to Reconsider was filed within twenty-eight days after the MEMORANDUM OPINION AND ORDER (Doc. No. 73) was entered; thus, the Court will consider BNSF's Motion to Reconsider under the standards of Rule 59. Under Rule 59, a court may grant a motion for reconsideration in three circumstances: when there is "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Brumark Corp. v. Samson Res.Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). A motion to reconsider is not an opportunity "to revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

### II.     Analysis

Because BNSF has not presented any new evidence and is not contending that there has been an intervening change in the law, the Court may only grant BNSF's Motion to Reconsider in order to fix a clear error or avert manifest injustice, neither of which is present in this case. The Court is not convinced that it clearly erred in holding that no FRA regulation covered

Plaintiff's FELA design claims. As Defendant recognized at the pretrial conference, determining whether a regulation covers a plaintiff's claims requires the Court to strike an appropriate balance between regulations that merely involve but do not cover the subject matter of the plaintiff's claims and generalized regulations that do cover a certain subject matter even though they do not set detailed standards within each of the subject's subcategories. Covering is a restrictive term, which describes the situation where a regulation substantially subsumes the subject matter of a plaintiff's claims; regulations that merely "touch upon or relate to th[e] subject matter" of a plaintiff's claims do not "cover" a plaintiff's claims. *Cowden*, 690 F.3d at 893 (quoting *Easterwood*, 507 U.S. at 664).

The regulations identified by BNSF as covering Plaintiff's claims, regulations which were previously considered by this Court, only loosely encompass interior cab design and maintenance. These regulations do not directly implicate the design of interior stairways. First, 49 C.F.R. § 229.45 is a catch-all provision requiring that "all systems and components on a locomotive . . . be free of conditions that endanger the safety of the crew. . ." While 49 C.F.R. § 229.45 clearly governs staircases in the interior of a locomotive, it is concerned with the secure installation of train components, the cleaning of spills, the replacement of worn parts, and other types of maintenance. As the Court explained in its prior MEMORANDUM OPINION AND ORDER (Doc. No. 73), 49 C.F.R. § 229.45 does not provide a legal basis for asserting a defective design claim. It follows that 49 C.F.R. § 229.45 does not substantially subsume a design claim.

Next, the Court considers 49 C.F.R. § 229.119. Although 49 C.F.R. § 229.119 is titled "Cabs, floors, and passageways," it simply does not address the subject of interior steps or stairways. The Court is not aware of, and BNSF has not identified, any case law holding that 49

C.F.R. § 229.119 precludes a claim involving interior staircase design. Instead, BNSF relies on

*Dickerson v. Staten Trucking, Inc.*, 428 F. Supp. 2d 909 (E.D. Ark. 2006) to show that 49 C.F.R.

§ 229.119 covers Plaintiff's claims.[3] In *Dickerson*, a district court found that 49 C.F.R. § 229.119

precluded claims that a railroad carrier negligently failed to provide seat belts or interior

cushioning. While the Court in *Dickerson* adopted a more expansive reading of 49 C.F.R. §

229.119 than this Court does, it is not binding precedent. Moreover, *Dickerson* is distinguishable.

One of the plaintiff's claims in Dickerson involved seat design, a topic that 49 C.F.R. § 229.119

specifically addresses.[4] In other words, the Secretary of Transportation considered cab seats

when it issued 49 C.F.R. § 229.119. This provides some basis for concluding that 49 C.F.R. §

229.119 covers seat design claims.

In contrast, 49 C.F.R. § 229.119 does not contain any provision related to interior

staircases. Accordingly, there is no basis for finding that the Secretary of Transportation

considered the risks associated with staircase construction when it issued 49 C.F.R. § 229.119.

As a district court in the Fifth Circuit explained, "the types of dangers and precautions

contemplated by a railroad safety regulation are determinative of whether or not a railroad's

compliance with regulations will shield it from liability." *Kan. City S. Ry. Co. v. Nichols Constr.*

*Co., L.L.C.*, 574 F. Supp. 2d 590, 599 (E.D. La. 2008).

Furthermore, the persuasive value of *Dickerson* is reduced by *Kelly v. Ill. Cent. R.R.*, No.

---

[3] Defendant also cites *Giebel v. Union Pac. R.R. Co.*, No. 08-cv-6294, 2010 U.S. Dist. Lexis 46233 (D. Minn. May 11, 2010). Defendant characterizes *Giebel* as "determining a [sic] that the defendant complied with the federal regulation covering locomotive doors, 49 C.F.R. § 229.119(a), and the railroad did not need to supply safety measures not required by the regulation." Motion to Reconsider at 4.  Defendant misreads *Giebel*. In *Giebel*, the Court held that a different regulation precluded plaintiff's claim that defendant violated FELA by negligently failing to replace its jointed-rail track. *Giebel*, 2010 U.S. Dist. Lexis 46233 at *18. The Court specifically noted that the defendant had not moved for summary judgment on the plaintiff's claim that the defendant violated the FELA by failing to properly secure the doors on its locomotive. *Id.* at *10.
[4] 49 C.F.R. § 229.119 directs railroad carriers to securely mount cab seats.

08-1052, 2010 U.S. Dist. LEXIS 2230 (C.D. Ill. Jan. 12, 2010), and other cases where courts have found that 49 C.F.R. § 229.119 does not preclude claims involving locomotive seat design. *See*, *e.g.*, *Terrell v. Soo Line R.R. Co.*, No. 2:04-cv-095-JDT-WGH, 2005 U.S. Dist. LEXIS 43960, at *19 (S.D. Ind. Sept. 1, 2005). BNSF is not entitled to have the Court reverse its earlier decision absent a stronger showing of error.

BNSF could have fully addressed its arguments concerning FRA preclusion in its briefing supporting its motion for summary judgment. While BNSF may now regret its decision to focus on complete LIA preemption rather than FRA preclusion, this is not an adequate basis to challenge the Court's decision.  "Absent extraordinary circumstances, not present here, the basis for [a motion for reconsideration] must not have been available at the time the first motion was filed." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

IT IS THEREFORE ORDERED that BNSF RAILWAY COMPANY'S MOTION TO RECONSIDER (Doc. No. 77) is DENIED.

SENIOR UNITED STATES DISTRICT JUDGE